## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 27, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**GUTHRIE BOWLES,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0158**  (BOR Appeal No. 2047517)
                    (Claim No. 2010134936)

**THOMAS HEALTH SYSTEM,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Guthrie Bowles, by William Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas Health System, by Toni Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2013, in which the Board affirmed a July 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 25, 2011, decision granting Mr. Bowles a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bowles injured his right wrist on May 21, 2010, while moving laundry and the claim was held compensable for a right wrist sprain on June 1, 2010. On January 14, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and found that Mr. Bowles sustained 2% whole person impairment as a result of the May 21, 2010, injury. On January 25, 2011, the claims administrator granted Mr. Bowles a 2% permanent partial disability award based on Dr. Mukkamala's evaluation. On March 10, 2011, Bruce Guberman, M.D., performed

1

an independent medical evaluation and found that Mr. Bowles sustained 5% whole person impairment as a result of the May 21, 2010, injury. On May 23, 2011, Dr. Mukkamala issued a supplemental report and opined that Mr. Bowles did not sustain more than 2% whole person impairment as a result of the May 20, 2010, injury. He further opined that Dr. Guberman's range of motion measurements are not consistent with those obtained by occupational therapist Angela Bills and David Soulsby, M.D. Although Dr. Mukkamala stated that he reviewed the reports of Ms. Bills and Dr. Soulsby, they are not contained in the evidentiary record. On November 10, 2011, Dr. Mukkamala performed another independent medical evaluation for the purpose of evaluating an unrelated occupational injury to Mr. Bowles's right shoulder. He re-evaluated the range of motion in Mr. Bowles's right wrist and stated that although he had previously detected range of motion abnormalities in the right wrist, the range of motion in Mr. Bowles's right wrist is currently normal.

On February 17, 2012, the Office of Judges reversed the January 25, 2011, claims administrator's decision and granted Mr. Bowles a 5% permanent partial disability award based on the opinion of Dr. Guberman. The Office of Judges found that there is nothing to suggest that Dr. Guberman did not adhere to the guidelines set forth in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and West Virginia Code of State Rules § 85-20 (2006), and therefore determined that his report is entitled to greater evidentiary weight. Thomas Health System requested that the Office of Judges reconsider its decision because it did not take Dr. Mukkamala's November 10, 2011, independent medical evaluation into consideration.

The Office of Judges issued a second Order on July 25, 2012, and it is this Order that is the subject of the instant appeal. In its July 25, 2012, Order, the Office of Judges affirmed the claims administrator's January 25, 2011, decision and held that Mr. Bowles is entitled to no greater than a 2% permanent partial disability award for the May 21, 2010, injury. Mr. Bowles disputes this finding and asserts that he is entitled to the 5% permanent partial disability award recommended by Dr. Guberman, because the Office of Judges has already determined that Dr. Guberman's opinion is entitled to greater evidentiary weight.

In its July 25, 2012, decision, the Office of Judges again found that there is no suggestion that Dr. Guberman did not adhere to the guidelines set forth in the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20. However, in its July 25, 2012, discussion, the Office of Judges concluded that Dr. Mukkamala's opinion is entitled to greater evidentiary weight because he evaluated Mr. Bowles most recently and detected no range of motion impairment in his latest evaluation. The Board of Review affirmed the Office of Judges' Order in its January 28, 2013, decision.

We find that the decisions of the Board of Review and Office of Judges are based upon a material mischaracterization of the evidentiary record. The Office of Judges initially determined that Dr. Guberman's evaluation is entitled to greater evidentiary weight in its February 17, 2012, Order. Additionally, the Office of Judges specifically found on both February 17, 2012, and July 25, 2012, that Dr. Guberman's report is in compliance with the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20. We agree with the Office of Judges'

2

finding in both decisions that the opinion of Dr. Guberman is reliable, and find that Mr. Bowles is entitled to a permanent partial disability award consistent with his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instruction to grant Mr. Bowles an additional 3% permanent partial disability award, for a total award of 5% arising from the May, 21, 2010, injury in accordance with the opinion of Dr. Guberman.

Reversed and remanded.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3